

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Carl L. Svensen, Secretary
Texas State Board of Registration
for Professional Engineers
511 Ewell Nalle Building
Austin 22, Texas

Dear Sir:                          Opinion No. O-6618
                                   Re: Registration of an alien
                                       as Professional Engineer
                                       under Art. 3271a, V.A.C.S.

Portions of your recent request for the opinion of this
department read as follows:

"Application for registration as a Professional Engineer
in Texas is contemplated by two applicants who are not
citizens of the United States.

"* * * *

"The question is: under the provisions of Senate Bill No.
74, can an engineer who is not a citizen of the United States
be registered as a Professional Engineer in Texas?"

There is a conflict of authority in the U. S. on the consti-
tutionality of licensing statutes barring resident aliens
from certain types of businesses or professions. See 2 Am.
Jur. 470. However, where the licensing statute does not ex-
clude aliens expressly or by implication we think without
question they may qualify if they fulfill all other require-
ments.

The Article governing the licensing of Professional Engineers
not only fails to exclude aliens from registration, but in
our opinion, affirmatively evidences a legislative intent to
permit it. Art. 3271a, Sec. 12, V.A.C.S., sets out the
requirements for registration and it is silent with respect
to any citizenship requirement. Sec. 20 sets out certain
exemptions from the provisions of the Act. Sec. 20(a) permits
temporary practice in Texas by a non-resident engineer
"provided such person is legally qualified by registration to
practice the said profession in his own State or Country
* * *" (Emphasis ours) Sec. 20(b) permits a recent resident to

practice engineering in Texas pending the consideration of his application for registration by the Board, "*-*-* provided, that such a person is legally qualified to practice said profession in his own State or Country * * *" (Emphasis ours). "e think the implication is clear from the above language, in the absence of other legislative expressions on the question, that it was the intent of the Legislature to permit the registration of aliens meeting all other requirements of the law and we so hold. Under somewhat different statutory provisions this department has held that aliens may be registered as architects in Texas. (Opinion No. 0-4215) Also, that aliens are registerable as professional nurses. See Opinion No. 0-6308.

You have pointed out in your request that Sec. 4 of the Act prescribes citizenship as a qualification for appointment to the State Board of Registration for Professional Engineers while Sec. 12(e) thereof states that, "* * * any engineer licensed under this Act shall be eligible to hold any appointive engineering position with the State of Texas." These provisions do not effect our holding as we are bound, in construing a statute, to harmonize its parts, if possible, so that effect will be given to the whole. 39 Tex. Jur. 209. Sec. 4 is a specific provision dealing with the qualifications of Board members only while Sec. 12(e) is general and has application in many situations. The specific governs the general in so far as they conflict. 39 Tex. Jur. 212. It is, therefore, our opinion that under Sec. 4 a member of the Board must be a citizen. This conclusion does not destroy the right of alien registrants to hold other appointive engineering positions with the State of Texas under the terms of Sec. 12(e).

We hope our views on this matter will be of some assistance to you.

Yours very truly
ATTORNEY GENERAL OF TEXAS
s/ Eugene Alvis
By
           Eugene Alvis
           Assistant

EA:zd/cg
APPROVED JUNE 8, 1945
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman